UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD LEMA KUPSKY,

        Petitioner,

   v.

RANDALL HEPP[1],

        Respondent.

Case No. 21-cv-0040-bhl

## ORDER DISMISSING §2254 HABEAS PETITION

    This case concerns what qualifies as "one complete round of state-court review" for purposes of federal habeas corpus. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Petitioner Ronald Kupsky argues that all 17 grounds for relief raised in his 28 U.S.C. Section 2254 habeas petition underwent review at every level of the Wisconsin judicial system, albeit, in a roundabout way. The State disagrees and has moved to dismiss the petition. Because Kupsky did not fairly present his claims in state court, those claims are now procedurally defaulted, and the State's motion to dismiss must be granted.

## BACKGROUND

    A jury convicted Kupsky of first-degree sexual assault of a child, felony bail jumping, sexual exploitation of a child, and possession of child pornography. (ECF No. 15 at 2.) He sought postconviction relief on the grounds that his trial attorney was ineffective for failing to prevent the jury from learning that he had previously been charged with first-degree sexual assault of a child in a different criminal proceeding. (*Id.* at 3.) The trial court denied his motion, and the Wisconsin Court of Appeals affirmed. (ECF No. 1-1 at 26-33.) Kupsky's attorney then filed a no-merit petition for review with the Wisconsin Supreme Court. (ECF No. 15 at 3.) Kupsky's response to the no-merit petition raised the 17 grounds for relief that he now asserts in federal habeas. (ECF No. 15-6 at 1-18.) The Wisconsin Supreme Court declined review. (ECF No. 1-1 at 22.)

---

[1] The Court has substituted the name of "the state officer who has custody" pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

Kupsky then filed another postconviction motion for relief with the trial court, alleging the same 17 grounds for relief that he first raised in his response to his attorney's no-merit petition. (ECF No. 15 at 3-4.) The trial court denied the motion, and the Wisconsin Court of Appeals affirmed. (ECF No. 1-1 at 20-21.) Rather than again petition the Wisconsin Supreme Court, Kupsky instead filed his petition seeking the writ of habeas corpus with this Court. (ECF No. 15 at 5.)

## LEGAL STANDARD

To obtain federal habeas relief, Kupsky must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Before a federal court can consider any issue in habeas, though, "the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis*, 390 F.3d at 1025-26 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). A habeas petitioner "who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* at 1026. Procedural default will normally "preclude a federal court from reaching the merits of a habeas claim when . . . the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). The petitioner can only overcome this procedural bar through a showing of cause for and prejudice from the default or a miscarriage of justice. *Lewis*, 390 F.3d at 1026 (citations omitted).

## ANALYSIS

Kupsky raised the 17 grounds for relief he now pursues in federal habeas in his second Wis. Stat. Section 974.06 postconviction motion. (ECF No. 1-1 at 22-23.) That motion was rejected at both the trial and first appellate level, but Kupsky did not seek review before the Wisconsin Supreme Court. To avoid this fatal problem, he argues he did not need to appeal the denial of his motion to the Wisconsin Supreme Court because that court already had the opportunity to review the motion's claims in his response to his attorney's no-merit petition, filed with the supreme court after the court of appeals rejected his first 974.06 postconviction motion. (ECF No. 16 at 1-2.) He therefore raised "the issue[s] at each and every level in the state court system." *Lewis*, 390 F.3d at 1025-26 (citations omitted). But a habeas petitioner cannot jury-rig his way into federal court. The language in *Lewis* that Kupsky seizes on may be ambiguous when

divorced from context, but there is no question that the law of fair presentment requires the petitioner to assert his federal claims through "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. A "round" in this context refers to more than just a series of destinations; it also contemplates a particular order. If the law permitted Kupsky to check all the right boxes in any sequence, his claims would indeed have gone through one complete round of state-court review. But rather than thinking of the fair presentment requirement as akin to a racetrack—where one can start from any point and make a complete round by returning to that point—it is more helpful to view it as a playoff bracket. A sports team that prevails in the semifinals one year cannot bypass a semifinal series in the next on the grounds that a championship merely requires them to win each series once. The sequence matters. Similarly, Kupsky cannot cobble together a full round of review by combining what he presented in two different postconviction motions.

The time for Kupsky to petition the Wisconsin Supreme Court for review of his second postconviction motion has long since expired. His claims are therefore procedurally barred unless he can show cause and prejudice or a miscarriage of justice. *Lewis*, 390 F.3d at 1026 (citations omitted). His response brief in this case attempts neither. (ECF No. 16 at 1-2.) Accordingly, this Court has no authority to consider his petition and must grant the State's motion to dismiss.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss, ECF No. 14, is **GRANTED.** Kupsky's petition for writ of habeas corpus, ECF No. 1, is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on May 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
